# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| DUSTIN BRINAGER, | : | Case No. 1:14-cv-252 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JAO DISTRIBUTORS, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING DEFENDANT FIFTH THIRD BANK'S MOTION TO DISMISS COMPLAINT (Doc. 17)

This civil action is before the Court on Defendant Fifth Third Bank's Motion to Dismiss Complaint and Plaintiff's memorandum in opposition.   (Docs. 17 and 21).

## I.    BACKGROUND FACTS

Plaintiff alleges that between August 4, 2013, and September 9, 2013, he sold and delivered to Defendant JAO Distributors, Inc. d/b/a Gentile Bros. Company ("Gentile Bros.") wholesale quantities of perishable produce in interstate commerce, and that Defendant Gentile Bros. accepted the produce.   (Doc. 1 at ¶¶ 6-7).   Plaintiff alleges that at the time of receipt of the produce, and pursuant to the trust provision of the Perishable Agricultural Commerce Act ("PACA"), Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers (the "PACA trust"), which consists of all produce or produce-related assets in the possession or control of Defendant Gentile Bros. since the creation of the trust.   (*Id.* at ¶ 8).   Finally, Plaintiff alleges that Defendant Gentile Bros. failed and refused to make any payments to Plaintiff.   (*Id.* at ¶ 10).

Counts 6, 7 and 8 of the Complaint are brought against Defendant Fifth Third Bank. (Doc. 1 at ¶¶ 33-46).   Count 6 alleges that Defendant Fifth Third had a security interest in the PACA trust assets of Defendant Gentile Bros. and unlawfully received PACA trust assets that should have been paid to Plaintiff.   Count 7 requests a declaratory judgment that the PACA trust trumps the security interest of Defendant Fifth Third on the trust assets of Defendant Gentile Bros.   Count 8 requests attorneys' fees against Defendant Fifth Third as sums owed in connection with the transactions under PACA.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."   To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Id.* (*citing Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'[.]"   *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265 (1986)).   Further, "[f]actual allegations must be enough to raise a

2

right to relief above the speculative level[.]"  *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.   A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the Complaint shall be dismissed.  *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

## III.   ANALYSIS

In its motion, Defendant Fifth Third argues that Plaintiff's claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).   Defendant Fifth Third contends that Plaintiff cannot prove that he was licensed under PACA when he sold and delivered the produce to Defendant Gentile Bros.  (Doc. 17 at 3-4).   Thus, Defendant Fifth Third asserts that Plaintiff was not a PACA trust creditor, and submits 40 pages of documents in support of this assertion.  (Docs. 17-1 and 17-2).   Defendant Fifth Third also contends that even if Plaintiff is a PACA trust creditor of Defendant Gentile Bros., Plaintiff has no right to PACA trust funds which Defendant Fifth Third received from Defendant Gentile Bros. "in the ordinary course of business" in August and October 2013.   (Doc. 17 at 7-8).

Plaintiff alleges in the Complaint that he sold and delivered $251,017.00 worth of produce to Defendant Gentile Bros. between August 3 and September 9, 2013, all of which remains unpaid. (Doc. 1 at ¶¶ 6, 7 and 10).   Plaintiff further alleges that he was a PACA licensee at the time of the sales and that he sent invoices to Defendant Gentile Bros. for the produce, all of which contained the required statutory notice of intent to preserve trust benefits under PACA.   (*Id*. at ¶¶ 3, 9).   Plaintiff also alleges that Defendant Fifth Third was a secured lender of Defendant Gentile Bros., and unlawfully received PACA trust assets belonging to Plaintiff.   (*Id*. at ¶¶ 4, 34-36).   Thus, Plaintiff's Complaint contains a "short and plain statement of the claim" reflecting Plaintiff's alleged entitlement to relief, contains the requisite jurisdictional grounds and the relief sought in accordance with Fed. R. Civ. P. 8, is plausible on its face, and alleges facts and a right to relief that rises sufficiently above the level of speculation.

Fed. R. Civ. P. 12(d) establishes that "[i]f, on a motion under Rule 12(b)(6) … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.   All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."   Here, as the Court is disinclined to consider a motion for summary judgment at this point in the case, the Court finds that the evidence outside of the pleadings accompanying Defendant Fifth Third's Motion to Dismiss is inappropriate to consider in resolving it.   Accordingly, Plaintiff has satisfied the Fed. R. Civ. P. 12(b)(6) requirements by adequately stating its claims against Defendant Fifth Third.

4

## IV.    CONCLUSION

Accordingly, based on the foregoing, Defendant Fifth Third Bank's Motion to

Dismiss (Doc. 17) is hereby **DENIED**.

**IT IS SO ORDERED.**


Date:   7/23/14                                                    *s/ Timothy S. Black*
                                                                   Timothy S. Black
                                                                   United States District Judge

5