**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DUSTIN BRINAGER, | : | Case No. 1:14-cv-252 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JAO DISTRIBUTORS, INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JAO DISTRIBUTORS, INC. AND OAKS INVESTMENTS, LLC (Doc. 26)**

This civil action is before the Court on Plaintiff's Motion for Default Judgment Against Defendants JAO Distributors, Inc. d/b/a Gentile Bros. Company ("Gentile Bros.") and Oaks Investments, LLC ("Oaks Investments") (Doc. 26) and the parties' responsive memoranda. (Docs. 28 and 29).

### I.     PROCEDURAL HISTORY

The Complaint in this case was filed on March 25, 2014. (Doc. 1). To date, Defendants Gentile Bros. and Oaks Investments have failed to move, plead, or otherwise defend this matter. (Doc. 19).

### II.     ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is shown by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the

complaint relating to liability must be accepted as true. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, those allegations relating to the amount of damages suffered are ordinarily not, and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. (*Id.*)

The failure of Defendants Gentile Bros. and Oaks Investments to respond has made it clear they have no intention of defending this action. Therefore, default judgment is warranted. Plaintiff alleges $251,017.00 in damages. (Doc. 1 at 3; Doc. 26-1 at 2). Ohio Revised Code Ann. § 1343.03 provides for interest on unpaid contracts at the rate of 3% per annum, and the interest due on the principal amount is accordingly $6,216.67. (Doc. 26-2). Therefore, Plaintiff moves for default judgment in the sum certain of $257,233.67. (Doc. 71 at 4). As the amount claimed is supported by affidavits and capable of ascertainment from definite figures contained in the documentary evidence, a hearing on damages is not required.

### III. CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiff's Motion for Default Judgment Against Defendants JAO Distributors, Inc. d/b/a Gentile Bros. Company and Oaks Investments, LLC (Doc. 26) is hereby **GRANTED**;

2. Plaintiff is awarded judgment against Defendants JAO Distributors, Inc. d/b/a Gentile Bros. Company and Oaks Investments, LLC, jointly and severally, in the amount of $257,233.67; and

3. Plaintiff may submit a motion for attorneys' fees and costs within 30 days of the date of judgment.

**IT IS SO ORDERED.**

Date:  7/23/14                                                         *s/ Timothy S. Black*
                                                                                   Timothy S. Black
                                                                                   United States District Judge